FILED
IN CLERKS OFFICE
U.S. ~~~~~ ~~~~~ ~~ N.Y.
★ JAN 2 5 2006 ★
P.M. _____
TIME A.M. _____

D-7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Frank Peter FACONTI,

                                   Plaintiff,

    -against-

John E. POTTER, Postmaster
General of the United States,

                                  Defendant.
------------------------------------------------------------X

MEMORANDUM
AND ORDER

98 CV 0275 (RML)
01 CV 1034 (RML)

Frank Peter Faconti
6618 Ovington Court
Brooklyn, New York 11204
Plaintiff *pro se*

Roslynn R. Mauskopf
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201-2776
BY: F. Franklin Amanat, Esq.
Counsel for the Defendant

LEVY, United States Magistrate Judge:

        On July 30, 2002, this court entered summary judgment in favor of defendant John E. Potter, Postmaster General of the United States ("defendant"), in the above-referenced cases. Plaintiff Frank Peter Faconti ("plaintiff") now moves for relief from judgment, pursuant to Fed. R. Civ. P. 60(b). For the reasons stated below, plaintiff's motion is denied.

## PROCEDURAL HISTORY

Plaintiff commenced two actions, one in 1998 and the other in 2001, pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq*. On July 25, 2002, this court granted defendant's motions for summary judgment, and judgment was entered in both cases on July 30, 2002. Familiarity with this court's Memorandum and Order, dated July 25, 2002 ("Mem. and Order"), is assumed.

Plaintiff filed a motion for reconsideration, which the court denied on December 13, 2002. Plaintiff also filed notices of appeal in both cases. For both, the Second Circuit entered orders on October 9, 2003, summarily affirming this court's decision. Plaintiff then filed petitions for panel rehearing, followed by petitions for rehearing *en banc*, all of which were summarily denied by the Court of Appeals, whose mandates issued on January 7 and 27, 2004. Plaintiff subsequently filed petitions for *certiorari* with the U.S. Supreme Court, which were denied on April 5, 2004. Plaintiff's motion to reconsider the denial of his petition for *certiorari* was also denied on June 1, 2004. On May 31, 2005, plaintiff filed the instant motion for relief from judgment.

## DISCUSSION

Plaintiff moves for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(6). As an initial matter, defendant urges the court to deny plaintiff's motion on timeliness grounds. Defendant argues that plaintiff's motion under Rule 60(b)(1) is untimely on its face and that plaintiff's motion under Rule 60(b)(6) is untimely due to plaintiff's failure to make the motion "within a reasonable time." Defendant reasons the judgment to have been finalized on July 31, 2002, the day it was entered.[1] (Defendant's Opposition to Motion for Relief from Judgment or Order, dated

---

[1] Although defendant believes the date of the judgment to be July 31, 2002, the docket indicates that judgment was entered on July 30, 2002.

July 12, 2005 ("Def.'s Opp."), at 4.) Plaintiff, on the other hand, claims that the judgment from which he seeks relief was finalized on June 1, 2004, the date on which the Supreme Court denied his request for rehearing of his petition for a writ of *certiorari*. Accordingly, plaintiff claims that he is within the one-year limitation for Rule 60(b)(1) consideration and generally within the reasonable time limitation under the Rule. (Plaintiff's Motion for Relief from Judgment or Order, dated May 25, 2005 ("Pl.'s Mem."), at 9.)

Rule 60(b) places two time restraints on the party seeking relief from judgment:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.* (Emphasis added.)

The court sees no ambiguity in the requirements for timely filing under Rule 60(b). The Rule clearly states that the motion must be made within a "reasonable time," and for reasons (1), (2), and (3), within one year of the entry of judgment. The cases are clear that the one-year time limit on reasons (1) – (3) will be strictly observed. See Ackerman v. United States, 340 U.S. 193, 197 (1950) (stating decisively that a motion for relief because of excusable neglect must be made within one year of the

judgment); Truskoski v. ESPN, Inc., 60 F.3d 74, 76 (2d Cir. 1995) (a Rule 60(b)(1) motion "must be made not more than one year after entry of the judgment"). Contrary to plaintiff's claim, it is well established that the time limit for filing a motion pursuant to Rule 60(b) dates from the district court's entry of judgment and is not extended by the moving party's request for appellate review. King v. First Am. Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002) (citing Federal Land Bank of St. Louis v. Cupples Bros., 889 F.2d 764, 766-67 (8th Cir. 1989); Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989); Hancock Indus. v. Schaeffer, 811 F.2d 225, 239 (3d Cir. 1987); Carr v. District of Columbia, 543 F.2d 917, 925-26 (D.C. Cir. 1976); Transit Casualty Co. v. Security Trust Co., 441 F.2d 788, 791 (5th Cir. 1971); Jones v. Capital Cities/ABC Inc., 168 F.R.D. 477, 479 n. 3 (S.D.N.Y. 1996)).

Since plaintiff filed the instant motion for relief from judgment on May 31, 2005, two years and ten months after the judgment was entered on July 30, 2002, he is time-barred from making a motion under Rule 60(b)(1). Hence, the only way relief can be granted under Rule 60(b) is for plaintiff to demonstrate "any other reason" justifying relief under clause (6), and to make the motion within a reasonable time. However, since the motion fails on the merits, it is unnecessary to decide the "reasonable time" issue.

Plaintiff claims to make his motion for relief from judgment under Rule 60(b) in the interest of justice. (Pl.'s Mem. at 1, 3.) Plaintiff states that he is faced with "the drastic harshness of not having [his] third case heard because the defendant is attempting to utilize the doctrines of *res judicata* and *collateral estoppel* against [him] in that action." (Pl.'s Mem. at 3.) Plaintiff asserts that the court, in granting summary judgment against him in both the 1998 and 2001 actions, misapplied the standard for

summary judgment by failing to view the evidence in the light most favorable to the non-moving party. (Pl.'s Mem. at 13-19.) He also asserts that the court misapplied the doctrine of judicial estoppel, in part by confusing a number of pertinent dates. (Pl.'s Mem. at 9-13.) Plaintiff suggests that these reasons together constitute an extraordinary circumstance under Rule 60(b)(6). Plaintiff argues that in order to achieve justice, and to spare him extreme and undue hardship, the court must grant him relief from judgment and allow the issue of whether he is a qualified individual with a disability a full and fair opportunity to be litigated in his third action against the United States Postal Service ("USPS") (01-CV-2600), currently pending before Judge Irizzary.

Rule 60(b)(6) functions as a catch-all provision for relief from judgment. It is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clause (1) – (5) of the Rule." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986) (citations omitted); see also Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001); United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001); Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986); Breedlove v. Cabou, 296 F. Supp. 2d 253, 268 (N.D.N.Y. 2003).

The use of the court's power to grant relief from judgment under Rule 60(b) is entirely discretionary: "On motion and upon such terms as are just, the court *may* relieve a party or party's legal representative from a final judgment, order, or proceeding. . . ." [emphasis added]. See Velez v. Vassallo, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (citing Mendell in Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990)). In exercising its discretionary power, the court must balance the interest of serving justice with that of upholding the finality of judgments. Nemaizer, 793 F.2d at 61 (citing

House v. Secretary of Health and Human Servs., 688 F.2d 7, 9 (2d Cir. 1982); Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981)). Needless to say, the finality of judgments is a fundamental part of our jurisprudence. Accordingly, the court may exercise its discretion under Rule 60(b)(6) to determine whether "any *other* reason exists [to justify] relief," [emphasis added] but only if there is a compelling reason to disturb the finality of the judgment. See International Bhd. of Teamsters, 247 F.3d at 391 (relief from judgment under Rule 60(b) "is generally not favored"); United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977) (reopening of final judgments should be discouraged and not permitted "out of a friendliness to claims of unfortunate failures to put in one's best case."). In other words, the court's authority should only be invoked when a relief from judgment is necessary to achieve justice. Klapprott v. United States, 335 U.S. 601, 614-615 (1949).

The moving party has the burden of satisfying the court that a valid reason exists for relief from judgment under Rule 60(b). Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002) ("the moving party must show 'extraordinary circumstances' to warrant relief.") (citing Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001)); John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., 19 F.R.D. 379, 382 (reasons must be substantiated by ample proof and must demonstrate that an exceptional circumstance exists), aff'd, 239 F.2d 815 (3d Cir. 1956). See also King v. Galluzzo Equipment & Excavating Inc., 223 F.R.D. 94, 97 (E.D.N.Y. 2004) (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)); Scott v. Gardner, 344 F. Supp. 2d 421, 424 (S.D.N.Y. 2004) (citing Employers Mut. Cas. Co. v. Key Pharm., 75 F.3d 815, 824-25 (2d Cir. 1996)).

Upon careful consideration of plaintiff's arguments, I find that plaintiff has not met his burden of demonstrating "exceptional circumstances" to warrant relief under Rule 60(b). There is no wrong to be righted, and plaintiff has suffered no "undue hardship" that justifies the use of the court's discretionary powers under Rule 60(b). Plaintiff essentially asks the court to reconsider its summary judgment decisions in the 1998 and 2001 actions. In fact, this court has already done exactly that in response to plaintiff's motion for reconsideration, and denied that motion on December 13, 2002.[2] See Mastini v. American Tel. & Tel. Co., 369 F.2d 378, 379 (2d Cir. 1966) (rejecting a Rule 60(b) motion because "appellant was attempting to use a Rule 60 motion to relitigate the merits of his claim"). He argues that the effect of the judgment is to possibly prohibit him from pursuing his third pending action on grounds of *res judicata* and *collateral estoppel*. As defendant notes, however, the negative consequences of a properly administered judgment on a losing party do not trigger the "exceptional circumstances" provision under Rule 60(b). See Atkinson v. Prudential Property Co., Inc., 43 F.3d 367, 373 (8th Cir. 1994).

Nor do *res judicata* and *collateral estoppel* pose an extreme or undue hardship that justifies relief from judgment. In fact, the doctrines preserve the integrity of the justice system by discouraging frivolous claims and preventing a party from taking factually inconsistent positions in subsequent litigation. See Bates v. Long Island R.R. Co., 997 F.2d 1028, 1037 (2d Cir. 1993). See also Simon v. Safelite Glass Corp., 128 F.3d 68, 71-74 (2d Cir. 1997) (stating that judicial estoppel can be applied to sworn statements made in prior administrative and quasi-judicial, as well as judicial proceedings). While plaintiff argues that the application of these doctrines will lead to a

---

[2] The Second Circuit entered orders on October 9, 2003, summarily affirming the decisions in both cases.

decision on the issue of his being a qualified individual with disability based on an incomplete and unfavorable set of facts, the court sees no merit to his claims.

Like plaintiff, the court respects the policy behind judicial estoppel, namely to preserve the "'integrity of the judicial process'" and the "'sanctity of the oath.'" Konstantinidis v. Chen, 626 F.2d 933, 937 (D.C. Cir. 1980) (quoting Melton v. Anderson, 32 Tenn. App. 355, 339, 222 S.W.2d 666, 669 (Ct. App. 1948)). Applying that policy here, the court finds that plaintiff ultimately fails to disprove the point made in the court's Memorandum and Order, dated July 25, 2002, that "the requirements for obtaining a [Civil Service Retirement System ("CSRS")] disability retirement annuity are wholly inconsistent with the requirements for proving a claim of disability discrimination under the Rehabilitation Act." (Mem. and Order at 17.)

As explained in painstaking detail in the Memorandum and Order, the CSRS requires a federal employee to prove by a preponderance of the evidence that he is qualified to receive disability retirement benefits. (Mem. and Order at 12-14) The applicant must establish that, as a result of his injury or illness, he is no longer able to provide useful and efficient service in his last position. He must also prove that no reasonable accommodation can be made in that position, and that he is not qualified for reassignment to a vacant position at the same grade or level in which he would be able to provide useful and efficient service. See 5 U.S.C. § 8337 (2000) and 5 C.F.R. §§ 831.1201 – 831.1206 (2001). On the other hand, in order to bring a discrimination claim under the Rehabilitation Act, the plaintiff must prove that: (1) he has a disability; (2) he is "otherwise qualified" to do the work, with or without reasonable accommodation; and (3) he is being excluded from a job that he holds or desires *solely* because of his disability. See 29 U.S.C. § 794(d); see also Reeves v. Johnson Controls World Servs.,

-8-

Inc., 140 F.3d 144, 149-50 (2d Cir. 1998); Wernick v. Federal Reserve Bank of New York, 91 F.3d 379, 383 (2d Cir. 1996). Alternatively, a plaintiff may bring a discrimination claim by proving that an employer failed to provide a reasonable accommodation to a qualified individual with a disability. See 42 U.S.C. § 12112(b)(5).

Yet, several times in 1993 plaintiff took inherently contradictory positions, at times in an attempt to bring a discrimination claim against the USPS, and at other times to obtain benefits or compensation relating to his injuries and resulting incapacity.[3] Plaintiff attributes his inconsistent positions to his lack of information and change in his medical condition. However, while recognizing that the degree of pain and suffering associated with an illness or disability may vary with time, the court is mindful of the strict standards one must meet in order to qualify for disability benefits and the wholly inconsistent position one must take to support a claim under the Rehabilitation Act. Therefore, the court will not delve into the minutiae of plaintiff's detailed chronology of events, all of which was known to him at the time the summary judgment motions were briefed. Nor would it be appropriate for this court to second-guess the representations plaintiff made in his application for disability retirement concerning the seriousness of his injuries.[4] Accordingly, the court sees no injustice in having granted summary judgment for defendant.

---

[3] Plaintiff also initiated a personal injury action in August of 1993 and applied for Social Security Administration benefits in November 1993.

[4] Plaintiff suggests that had he been timely informed of either (1) the agency doctor's suggestion that he be given a position near his home, or (2) the option of reporting to work while his disability retirement application was pending, he would not only have pursued different positions with the USPS but would have simply returned to work. In light of plaintiff's disability retirement application, as well as his conduct and statements indicating the seriousness of his injuries, the court cannot accept such a proposition.

Finally, plaintiff's argument that USPS failed to actively seek a suitable position for plaintiff, or in the alternative, to find a reasonable accommodation, is meritless. The purpose of the Rehabilitation Act, as plaintiff also points out, is "to empower individuals with disabilities to maximize employment, economic self-sufficiency, independence, and inclusion and integration into society." 29 U.S.C. § 701(b)(1). However, this purpose must be weighed against the practical goals of the disability retirement program. USPS cannot reasonably be expected to exhaust every possibility for accommodation or seek out all available positions that might suit a disabled employee, who himself rejects the possibility of such accommodation and goes to great lengths to prove his incapacity. Where a disabled employee voluntarily applies for retirement and declares incapacity, USPS cannot act as plaintiff now suggests without offending the reasonable expectations of those disabled employees who legitimately seek retirement under the program.

Plaintiff has not met his burden of demonstrating "extraordinary circumstances," or extreme and undue hardship. His motion for relief from judgment under Rule 60(b) must therefore be denied.

## CONCLUSION

The court remains sympathetic to plaintiff's situation, and appreciates the serious impact that his injuries have had on his life. The court once again recognizes the rare determination and intelligence with which plaintiff has prosecuted these cases. Unfortunately, hard work alone cannot amend the laws or transform the facts. Upon a careful review of plaintiff's motion, the court finds that plaintiff has not met the burden of showing "extraordinary circumstances" that would provide a basis for relief from judgment. Plaintiff has not put forth any facts that would subject him to "undue hardship" and the court finds no reason to believe that upholding the judgment would work an injustice against plaintiff. Plaintiff's motion for relief from judgment is therefore denied.

SO ORDERED.

Dated: Brooklyn, New York
January // , 2006

ROBERT M. LEVY
United States Magistrate Judge